# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 7, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| COURTNEY MILLER and BERNARD MILLER, on behalf of E.M.M., a minor, | * * * * | Case No. 13-914 |
| | * | Special Master Dorsey |
| Petitioners, | * * | |
| v. | * * | Petitioners' Motion for Dismissal Decision; Insufficient Proof of |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Causation; Vaccine Act Entitlement; Multiple Vaccines; Chronic Constipation; Gastrointestinal |
| Respondent. | * * | Problems. |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Peter Harwood Meyers</u>, National Law Center, Washington, DC, for Petitioners.
<u>Ann Donohue Martin</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 20, 2013, Courtney and Bernard Miller ("petitioners") filed a petition for compensation under the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et</u> <u>seq.</u> (2006) ("Vaccine Act"), on behalf of their minor daughter, E.M.M.  Petitioners alleged that "the vaccines E.M.M. received from July 31, 2009, until April 12, 2011," caused her to suffer from "chronic constipation, developmental regression and related problems."  Petition at 1-2.  On March 15, 2014, petitioners filed an Amended Petition, revising their allegations to omit developmental regression as a claimed injury, maintaining instead that E.M.M.'s "chronic constipation and gastrointestinal problems were caused-in-fact by the aggregate of her vaccines."

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

1

Amended Petition at 9.

      Respondent filed the Rule 4(c) report on June 16, 2014, stating that this case was not appropriate for compensation.  Respondent stated that petitioners failed to prove by a preponderance of the evidence that E.M.M.'s chronic constipation and gastrointestinal problems were caused-in-fact by any of her vaccinations.  Respondent argued that the evidence produced to date fails to demonstrate a reasonable basis for moving forward and states that the petition must be dismissed.

      On November 5, 2014, petitioners filed an unopposed motion for a dismissal decision.  In their motion, petitioners state that "an investigation of the facts and science supporting [their] case] has demonstrated to the Petitioners that they will be unable to prove that E.M.M. is entitled to compensation in the Vaccine Program."  Motion at 1.  Petitioners states that they understand that a decision by the Special Master will result in a judgment against them, and that such a judgment will end all rights in the Vaccine Program.  Id.  Respondent has no objection to petitioners' motion.[2]

      To receive compensation under the Vaccine Act, petitioners must prove either 1) that E.M.M. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that E.M.M. suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that E.M.M. suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that E.M.M.'s injuries were caused by a vaccination.

      Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support.  Petitioners, however, have not offered a medical expert opinion.

      Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

      **IT IS SO ORDERED.**

      /s/ Nora Beth Dorsey
      Nora Beth Dorsey
      Special Master

---

[2] Respondent was contacted on November 6, 2014 via email by the undersigned's law clerk, and respondent confirmed that she has no objection to the special master issuing a decision dismissing the petition, as petitioners represent in their motion.